I'd like to reserve about three minutes rebuttal is just keep looking Frank Prantill appearing for mr. Hart yeah just keep an eye on that clock I sure will and you have what I was left to you all right the question presented here is whether a public defender is acting under color of state law where he intentionally and willfully withholds evidence that would have exonerated his client now I'd like to just kind of go over some of the facts that maybe not they're not so obvious I believe a trial I'll be I would be able to prove that the victim here alleged that her father never molested her as long as there was another female present during the visit at the our ranch which is up near Lake Berryessa after and so the girlfriend testified that she was present on every one of those visits the district attorney then shoot her up made her look like a liar because she's a girlfriend she sat down went to the public defender and said look I've got receipts to corroborate the fact that I was at the said mr. Braun said I'm the attorney here don't tell me what to do I'm not putting that evidence on so my client got convicted spent six years in prison and his direct appeal was affirmed the state affirmed or denied all of his habeas petitions the district court denied his habeas petition and this Ninth Circuit reversed all of those courts they get your ineffective assistance claim here right of filing a state malpractice claim you're filing a 1983 case and Miranda says you can't file out against it right it talks a lot poke but poke doesn't help us right but our case of Miranda says a public defender representing a client in the lawyers traditional adversarial role is not a state actor right I can distinguish that what's different there's a big difference here first of all Polk County doesn't help us this is not a traditional function of an attorney not to present exonerating evidence this is almost an obstruction of justice your honor secondly what's your theory on motivation excuse me for interrupting but what's your theory on motivation because to me and I'm just yes if if an attorney simply just blows it whether it's that's that's not that's okay that's you can't sue him for that but when an attorney willfully withholds evidence that's a different story that's a big distinction here and there's no law on it and Polk County doesn't help us because Polk County says that if an attorney is acting within his traditional role he's an adversary of the state and therefore you know the state can't control him I'm not sure I understand the distinction you're trying to draw whenever actually chooses not to put on evidence that's a willful failure to put on evidence well one is negligence or ineffectiveness and one is a tort there I'm asking the court to draw a line here I'm sorry your honor would you repeat the question yes whenever a lawyer has evidence and decides not to put it on lawyers decide not to put on evidence all the time classic case is a situation where you have a criminal defendant and the lawyer decides and advises the client don't take the stand don't don't get on the stand and the very common thing that look now in every sense of the word you can say that that decision was willful that's correct the guy is there he's saying I'm willing to talk I'm willing to get on the stand I you know I'll do what my lawyer tells me to do because I trust my lawyer and the lawyer just really blows it this is really a case where the story and there were no good reasons that any comment that's willful well how do you know we're talking about a willful distortion of the trial I'm talking about a willful almost a criminal act here he had the evidence there's no reason why he shouldn't put it on he just said I'm not going to put it on he made a decision that obstructed justice he made a decision that made the trial a farce he made a decision that affected my client who spent six years in prison for a crime he didn't commit that's pretty serious and this court needs to draw the line somewheres we can't give these public defenders carte blanche and that's what Polk County does why not sorry I don't mean I feel yes I know but you basically I'm sorry go ahead you're just supposed to not answer my question I'm getting all excited okay your client if you're really not answering my question lawyers make mistakes and this is you know we have right dealing with it and that what I'm trying to and that's intentional you know you're talking again it's all right I'm sorry you're talking I'm gonna ask the question just one more time if you decide not to answer it are you let me finish it I'm not gonna ask it again do it okay when a lawyer makes a decision willfully not to put on evidence based on his judgment about the case that's a willful decision there's nothing accidental about it and what I don't understand is how your case is different from any other case where the lawyer makes a judgment maybe an erroneous judgment maybe a bad judgment that this is evidence he should not put on how's your case from any other case it's a lot different your honor for example I'll give you an example let's say the attorney is aware of an alibi that's solid and he won't put it on now what he's done he subverted the trial that's a willful act it's it's it's an there's no sound strategy in it and it's in it in it there's no it's different because there's no sound strategy not to put an alibi defense let's put it in my example there's no sound strategy not to put a solid alibi defense on well if that's your standard that any time a defendant gets federal habeas under an ineffective assistance counsel claim because by hypothesis you can only succeed on the Strickland if the lawyer's decision is not based upon some strategic reason so anytime you get you succeed in your IAC claim you can turn around and sue your public defender under 1983 under your definition no no no it has to be flagrant it has to be I'm sorry to interrupt you but if you keep talking about a flagrant intentional and all that but but those are the words we it seems to me that you're saying anytime there's an there's a it rises to the level of constitutionally ineffective assistance of counsel then you've got a 1983 I don't understand what line you could have us draw what what makes it a state actor if the guy really screws up and tries because he's no he's not acting within the traditional role of an attorney and he's not the state adversary he's actually helping the state by withholding evidence that would exonerate his client so Polk County doesn't help Polk County and Miranda talks about the specific holding it's it's he's not an adversary here he's not you're not claiming here when you say helping the other say you're not actually claiming that there was a agreement or deal or conspiracy with the prosecution I can't prove that your honor but who knows I mean I can't prove that what I'm really trying to say whether that's what you're alleging that's why you complain the ledgers I don't allege a conspiracy I wish I did if I had a tower versus Glover would be the answer but see there's no law on this this is I'm asking the court to draw a line somewheres when I mean under your standard an attorney is never gonna get never gonna be held responsible the state's never gonna be held responsible and we're gonna continue to have ineffective assistance to counsel at the public defender level but if you're making a policy argument why don't you just sue under state malpractice tort theory I mean why isn't that an adequate remedy in fact the superior remedy superior remedy your honor I think this is the superior memory you go to a federal judge you say look my client didn't get his his case was justice was subverted here and we need to do something about it now the purpose of a 1983 lawsuit is to deter this kind of action but it can but this is a better deterrence I mean I mean what difference I mean we need to deter it big judgment against a lawyer and a state malpractice action filed by a criminal defendant isn't going to deter him it's a deterrent but this one I think would be needed do people care whether the predicate is as a federal statute in front of it or a state's tort I would just say your honor I really feel strong about this I think the Ninth Circuit has to do something to stop this kind of activity a public defender under Polk County has carte blanche he can do what he wants he can say you're not gonna I'm not gonna put on any evidence and and he gets away with it because of Polk County and we've got to have some accountability here we're you know we've got executive you know we've got what's going on with the scandals and corporations there's no one's taking responsibility we've got to take some responsibility the public defenders got to take some responsibility if he's got an assistant that's doing this kind of stuff that man needs to be fired he shouldn't be a public defender so losing your job isn't enough getting this part isn't enough getting a state malpractice action isn't enough in 1983 is the answer well I think it should be available your honor I really do and as far as let me just finish the heck thing if you look at the decision it's it's it's comparable to a malicious prosecution one of the elements of malicious prosecution is that the case has to be successfully terminated this case was not dismissed until January 6th and in December there was a filing so it's well within the one year he wants to substitute state malpractice law and turn it into 1983 law I've said what I had to say Polk County has said it Miranda has said it candidly I have nothing to add I can't believe that there's anything I could say to you gentlemen that that will clarify any aspect of this of a lawsuit if you have good morning your honors my name is Rene Valladares I'm here for Mr. Thurman in this case the coercive shock and awe tactics used during the arrest of Mr. Thurman
judges: Wallace, Kozinski, Thomas